UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RODNEY NATHANIEL, JR., *et. al* on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, HERTZ GENERAL INTEREST LLC, HERTZ LOCAL EDITION CORPORATION, HERTZ TRANSPORTING, INC., AND HERTZ VEHICLES LLC,<br><br>Defendants. | CASE NO.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants The Hertz Corporation, Hertz General Interest LLC, Hertz Local Edition Corporation, Hertz Transporting, Inc., and Hertz Vehicles LLC (collectively "Hertz"), hereby remove the above-captioned matter from the Circuit Court in the Third Judicial Circuit of Wayne County, Michigan, to the United States District Court for the Eastern District of Michigan. Hertz's Notice of Removal is based on the following:

**The State Court Action**

1. On February 21, 2019, Plaintiffs Rodney D. Nathaniel, Jr., Willie Williamson, Jr., Warfield Moore, Corey Turner, Chiquita Turner, and Lucille Turner, individually and purportedly on behalf of all others similarly situated, (collectively "Plaintiffs") filed a complaint against defendant Hertz in the Third Circuit Court of Wayne County, Michigan, as case number

19-002519-CZ (the "Complaint").  Each of the Defendants was served with a copy of the Complaint on March 22, 2019, via certified mail to Hertz's registered agent.  The Complaint is attached as **Exhibit A**.

2. In the Complaint, Plaintiffs assert claims against Hertz for violation of the public accommodations provision of the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2301, and have requested injunctive relief in the form of a declaratory action.  Plaintiffs allege that Hertz closed its rental locations in the City of Detroit in 2015 and thereafter implemented a policy that precludes customers from using debit cards for vehicle rentals at Hertz locations throughout Wayne, Macomb, and Oakland Counties (the "Detroit Metropolitan Area"), and instead requiring that customers in those areas use credit cards for vehicle rentals.  (Compl. ¶¶ 22, 25, 28.)  Plaintiffs further allege that they attempted to use debit cards to rent vehicles from Hertz at Detroit-area locations but were denied the opportunity to rent because of the alleged policy against debit cards.  (*Id*. ¶ 39.)  Plaintiffs also allege that Hertz implemented its policy against debit cards to "deliberately and intentionally prevent African American[s] from access to their rental vehicles."  (*Id*. ¶ 24.)  Plaintiffs' Complaint seeks damages with interest, exemplary or punitive damages, costs, attorneys' fees, as well as injunctive relief requiring Hertz to eliminate its alleged policy against use of debit cards.

3. Plaintiffs purport to represent themselves and a class of similarly situated people.  (*See id*. ¶ 48.)

**Statutory Grounds for Removal**

4. Hertz's removal of this case is based upon 28 U.S.C. §§ 1441(a) and 1453.  Section 1441(a) authorizes the removal of any civil actions filed in state court provided that the United States District Court has original jurisdiction for such actions.  Section 1453(b) authorizes

the removal of "class actions," as defined in 28 U.S.C. § 1331(d)(1), to federal district court. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2),(5), and (6), which provide such jurisdiction over class actions in which the amount in controversy exceeds $5 million, exclusive of interest or costs, the proposed class includes at least 100 members, and any member of the alleged plaintiff class is a citizen of a State different from any defendant.

**Diversity of Citizenship**

5.  Pursuant to 28 U.S.C. § 1332(d)(2)(A), the minimum diversity required for removal exists here because at least one member of the putative class is diverse from Defendant Hertz. All of the Hertz entities are Delaware corporations with their principal places of business in Florida. Plaintiffs are residents of Michigan. (Compl. ¶¶ 1-6.) The citizenship of the parties is therefore diverse.

6.  Although it is not required that all defendants consent to removal, *see* 28 U.,S.C. § 1453(b), each is represented by the undersigned counsel, and by filing this Notice of Removal, each of the Hertz defendants has consented to removal of this case.

**More than 100 Alleged Class Members; More than $5 Million in Controversy**

7.  The Complaint alleges that members of the prospective class would number in the "thousands." (Compl. ¶ 48.) While Hertz disputes that the Plaintiffs have defined a proper, ascertainable, or otherwise legitimate class of similarly situated persons, Hertz acknowledges that Plaintiffs' proposed class—as alleged and without any admission—would constitute more than 100 persons, thereby satisfying the requirement of 28 U.S.C. §§ 1332(d)(5).

**More Than $5,000,000 In Controversy**

8.  The amount in controversy exceeds $5 million. Plaintiffs' Complaint directly puts at issue Hertz's alleged "policy of selective acceptance of debit cards" (compl. ¶ 36) and

alleged "policy of refusal to accept debit cards" (*id*. ¶ 37) in the "cities and towns in Wayne, Oakland and Macomb counties in the State of Michigan," (*id*. ¶ 59).  Plaintiffs allege that these supposed policies were "initiated" in "approximately 2015." (*Id.* ¶ 21.)

9. Between January 1, 2015 and December 31, 2018, Hertz's business records show that Hertz generated revenue well in excess of $5 million from rental car transactions in which Hertz customers used debit cards at Hertz locations in Wayne, Macomb, and Oakland, Michigan Counties.

10. In addition, even assuming (counterfactually) that Hertz enforced a "policy of refusal to accept debit cards" (*id*. ¶ 37) in Wayne, Macomb, and Oakland Counties – meaning that no customers were allowed to use debit cards in those counties – Plaintiffs' Complaint still would put at issue more than $5 million.  That is true because Hertz's business records show that, from 2015 through 2018, Hertz generated substantially more than $5 million in revenues from rental car transactions in which Hertz customers used debit cards in U.S. markets similar in size to the Detroit Metropolitan Area but not alleged by Plaintiffs to be subject to Hertz's allegedly discriminatory debit card policy. Thus, Plaintiffs' Complaint puts in controversy more than $5 million for the additional reason that Hertz's alleged debit-card policy in the Detroit Metropolitan Area, based on Hertz's 2015-2018 business experience in different, but similar-sized markets and assuming *arguendo* that Plaintiffs' allegations are true (which they are not), would have had the effect of precluding customers from using debit cards to rent Hertz vehicles in transactions that, but for the alleged Hertz policy against debit cards, would have generated more than $5 million in revenue.

11.     Finally, Plaintiffs' Complaint puts at issue more than $5 million for the additional reason that Plaintiffs are seeking attorneys' fees in this case.  Case law is clear that demands for attorneys' fees are included in calculating the amount in controversy.

12.     Accordingly, the amount in controversy—based solely on the subject matter of Plaintiffs' claims and without any admission on Hertz's part—exceeds $5 million.  Thus, the amount-in-controversy requirement of 28 U.S.C. §§ 1332(d)(2) and (6) is satisfied.

**Class Action**

13.     This case meets the definitional requirements for a class action as provided by 28 U.S.C. §§ 1332(d)(1)(B), and 1453(a) and (b).  For removal to be authorized by those provisions, the case must be brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action.  While Plaintiffs do not assert the particular Michigan civil rule under which they are bring the case, it is clear from the face of the Complaint that they intend to prosecute this case as a class action under Michigan Civil Rule 3.501, the case caption states that Plaintiffs are "Lead Plaintiffs (of a putative Class)." (*See* Compl.)  Michigan Civil Rule 3.501 authorizes actions to be brought by one or more representative persons as a class action.

**Timeliness of Removal**

14.     This Notice of Removal was filed within 30 days of March 22, 2019, the day Hertz received service of the initial pleading setting forth the claim for relief upon which this action or proceeding is based, as required by 28 U.S.C. § 1446 (b)(1).

**Written Notice of Removal**

15. As 28 U.S.C. § 1446(d) requires, a copy of this Notice of Removal is being submitted to the Clerk of the Third Circuit Court of Wayne County, Michigan, and is being served on counsel of record for Plaintiffs.

16. Pursuant to 28 U.S.C. § 1446(d), true and correct copies of all process, pleadings, and other documents served on Hertz are attached hereto. (*See* Ex. B.)

17. A copy of the docket sheet from the Third Circuit Court of Wayne County, Michigan is attached hereto. (*See* Ex. C.)

18. Hertz reserves the right to amend or supplement this Notice of Removal.

19. If any questions arise as to the propriety of the removal of this action, Hertz requests the opportunity to present a brief and requests oral argument in support of removal.

**No Waiver**

20. By filing this Notice of Removal, Hertz does not waive any defenses available to it, does not consent to personal jurisdiction within any Michigan state or federal court, and does not admit any of Plaintiffs' material allegations, including allegations of wrongdoing by Hertz, allegations concerning damages, or any class action allegations.

WHEREFORE, for the reasons stated above, Hertz hereby removes this action to this Court.

Dated: April 19, 2019

Respectfully submitted,

THE HERTZ CORPORATION, HERTZ GENERAL INTEREST LLC, HERTZ LOCAL EDITION CORPORATION, HERTZ TRANSPORTING, INC., AND HERTZ VEHICLES LLC

By: /s/ John F. Ward, Jr. _____

John F. Ward, Jr.
Jason M. Bradford*
jward@jenner.com
jbradford@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Phone: (312) 222-9350

Kurtis T. Wilder
wilder@butzel.com
BUTZEL LONG P.C.
150 W. Jefferson Ave.
Suite 100
Detroit, MI 48226
Phone: (313) 225-7000

*Counsel for Defendants*
*\*Not yet admitted in the United States District Court for the Eastern District of Michigan*